CHARLES M. HANSON and Another v. ENOS WHITE and Others.

February 2, 1899.

Nos. 11,454—(212).

**Insolvency—Fraudulent Preference—Findings not Sustained by Evidence.**

Action to set aside a mortgage as a preference under the insolvency laws of the state. *Held*, that the evidence does not sustain the finding of the trial court to the effect that the mortgagee was a creditor of the mortgagor, and that the mortgage was taken to secure a pre-existing debt.

Action in the district court for Hennepin county by the assignees in insolvency of Austin F. Kelley and Louis E. Kelley, copartners under the firm name of A. F. & L. E. Kelley and as individuals, to set aside as a preference a mortgage executed by Austin F. Kelley and wife to defendant White and by him assigned to defendant Evans. The cause was tried before Elliott, J., who found in favor of plaintiffs. From an order denying a motion for a new trial, defendants appealed. Reversed.

*Young & Waite,* for appellants.

To constitute a cause of action under G. S. 1894, § 4243, the relation of debtor and creditor must have existed, the mortgage must have been given with the intention of giving a preference to a creditor, and the mortgagee must have had reasonable cause to believe the mortgagor insolvent. Baumann v. Cunningham, 48 Minn. 292; Fisher v. Utendorfer, 68 Minn. 226. Here there was no pre-existing debt. The firm did not assume to make a collection of the mortgage debt as agent of White. See Herrick v. Mosher, 71 Minn. 270. Any disability applicable to A. F. Kelley applied to the firm. Deakin v. Underwood, 37 Minn. 98, 101. One cannot be a party and the agent for the opposite party in the same transaction. Mechem, Ag. § 68; Story, Ag. §§ 210, 211; Rhodes v. Webb, 24 Minn. 292; Fellows v. Northrup, 39 N. Y. 117, 122; Bank v. American, 143 N. Y. 559, 564. White's right to repudiate the purported collection on discovery of the facts is not dependent on

showing actual damage. Tilleny v. Wolverton, 46 Minn. 256; Friesenhahn v. Bushnell, 47 Minn. 443; Lum v. McEwen, 56 Minn. 278, 282; Donnelly v. Cunningham, 58 Minn. 376; Conkey v. Bond, 36 N. Y. 427; Porter v. Woodruff, 36 N. J. Eq. 174. There was no ratification. Ratification must have been with knowledge of the facts. Seymour v. Wyckoff, 10 N. Y. 213; Owings v. Hull, 9 Pet. 607, 629; Ladd v. Hilderbrant, 27 Wis. 135, 144; Smith v. Kidd, 68 N. Y. 130. No ratification is to be implied from White's failure to satisfy the mortgage. Humphrey v. Havens, 12 Minn. 196 (298); Bryant v. Moore, 26 Me. 84; Martin v. Hickman, 64 Ark. 217; Clark v. Clark, 59 Mo. App. 532, 535. The acts set up as a collection not having been performed under any pretense of agency, cannot be turned into a collection by ratification. Mitchell v. Minnesota Fire Assn., 48 Minn. 278; Hammerslough v. Cheatham, 84 Mo. 13; Herd v. Bank, 66 Mo. App. 643; Crowder v. Reed, 80 Ind. 1; Condit v. Baldwin, 21 N. Y. 219, 225. The Thayer mortgage is still a valid lien. White having chosen the Kelley mortgage, if the court permits him so to elect, he surrenders the Thayer mortgage, not by way of ratification of any pretended collection, but by acceptance of a substituted security. Even if this would be in fraud of creditors, no advantage of the fact could be taken in this action. Cragin v. Carmichael, 2 Dill. 519.

If the alleged indebtedness is not shown, it follows that the alleged intent is not shown. See Ex parte Taylor, L. R. 18 Q. B. D. 295; Ex parte Caldecott, L. R. 4 Ch. D. 150, 156. If the funds paid by the Derbys to Kelley could be traced into the hands of the assignee, they would be impressed with a constructive trust in favor of the Derbys for payment of the Thayer mortgage. Herrick v. Mosher, supra. But if A. F. Kelley, with the purpose of executing what he conceived to be a trust, had given the mortgage in question to pay the Thayer mortgage, the transaction would not have been a fraudulent preference. Ex parte Stubbins, L. R. 17 Ch. D. 58; In re Frantzen, 20 Fed. 785.

*Cobb & Wheelwright*, for respondents.

START, C. J.

On July 14, 1896, Austin F. Kelley and wife executed to the de-

fendant Enos White a real-estate mortgage, on land then owned by Kelley, to secure the payment of a promissory note of $1,000, made as a part of the same transaction by Kelley to White. Kelley was insolvent at this time, and on September 12 following made an assignment in insolvency for the benefit of his creditors to the plaintiffs, who brought this action to set aside the mortgage as a preference. The trial court found that, at the time the mortgage was made, the firm of A. F. & L. E. Kelley was indebted to White on open account, then long past due and unpaid, in the sum of $1,000, and that White was then the creditor of the Kelleys, who were then, as a firm and individually, insolvent, to his knowledge, and that the mortgage was made and received with the intent to prefer White as such creditor. As a conclusion of law the court directed judgment to be entered for the plaintiffs, setting aside the mortgage as a preference. The defendants appealed from an order denying their motion for a new trial.

The appellants make 24 assignments of error, which challenge the correctness of the trial court's findings of fact and conclusions of law. We may cut the whole matter short by stating that, if White was a creditor of Kelley at the time the mortgage was made, the findings of fact and conclusions of law are sustained by the evidence. The validity of the mortgage is attacked solely on the ground that it was a preference, within the meaning of the insolvency law. To render this mortgage a preference, the mortgagee must have been at the time a creditor of the mortgagor, and the mortgage given to secure a pre-existing debt. If, in fact, there was neither a creditor nor a debt to be secured, there could be, in law, no preference of a creditor by giving the security. This case, then, comes down to this question: Does the evidence sustain the finding of fact that White was a creditor of Kelley, and that the mortgage was given to secure a pre-existing debt? There was practically no conflict in the evidence, which tended to establish the following facts:

On July 1, 1886, E. A. Thayer executed a mortgage on his land in Dodge county to White to secure the payment of his note for $1,000, and on August 16, 1886, he conveyed the land to A. F. Kelley, who assumed and agreed to pay the. mortgage. June 30, 1893, White

sent the Thayer note (retaining the mortgage) to the Kelleys for collection and reloan. From this date until the spring of 1896 the Kelleys represented to White that they were trying to collect the principal of the Thayer loan, but were unable to do so. They sent to him from time to time the interest on the loan. August 28, 1895, there was recorded in the office of the register of deeds of the county of Dodge a forged release of the Thayer mortgage, purporting to have been executed by White, and acknowledged before A. F. Kelley as a notary public, who at or about the same time conveyed the mortgaged premises as unincumbered, by warranty deed, to Daniel and Martin Derby, who paid to Kelley in cash $2,500, the full purchase price thereof, which sum he deposited in bank to the credit of A. F. & L. E. Kelley. The respondent claims that Kelley agreed with the Derbys to pay the Thayer mortgage, but the cross-examination of Kelley shows that there was no such agreement. Some six months after this last transaction there was credited to White in the account books of the Kelleys, by direction of A. F. Kelley, $1,000, on account of the Thayer mortgage. In the spring of 1896 White employed C. H. Smith to look after his business with the Kelleys, and about July 1, 1896, Smith was informed by A. F. Kelley that the Thayer mortgage had been paid to him, and Smith so advised White. Thereupon, and on July 14, 1896, the mortgage in question was taken from Kelley to secure the payment of the $1,000, which both White and his agent had been informed, and then believed, had been paid to the Kelleys by the collection of the Thayer mortgage.

If such had been the actual fact, the conclusion would necessarily follow that White was a creditor of the Kelleys, and that the mortgage was given to secure a pre-existing debt. The Thayer mortgage, however, was never collected or paid as to White. Kelley had obligated himself to pay this mortgage, and the fact that he entered a credit to White on his books for the amount due on the mortgage cannot be regarded as either a collection or payment thereof. See Herrick v. Mosher, 71 Minn. 270, 73 N. W. 964. Therefore, White was not, in fact, a creditor of the Kelleys, and his mortgage was not taken, at the time it was executed, to secure a pre-existing debt.

Neither White nor his agent, Smith, had any knowledge whatever of the actual facts as to the Thayer mortgage until October, 1897. He has not, since he learned such facts, tendered a surrender of the mortgage in question, or sought to rescind the transaction. Whether, upon the discovery of the actual facts, he could have surrendered the Kelley mortgage, and enforced the Thayer mortgage against Derby's land, is a question we have no occasion to discuss; for he elected to retain the Kelley mortgage after learning all of the facts in regard to the supposed payment of the Thayer mortgage. He thereby ratified the Kelley mortgage, and the legal effect of the transaction is now precisely the same as, and not otherwise than, it would have been if he had known all of the facts at the time the mortgage was executed. If the mortgage had been taken with a full knowledge of all the facts, and with reference to them, it could not have been taken to secure a pre-existing debt, for there was none to secure. It would have been given, in legal effect, for a new consideration, which was the waiver by White of his lien on Derby's land, and his acceptance of the lien of the Kelley mortgage in lieu thereof, whereby Kelley's covenants in his deed to the Derbys were made good. Such being the legal effect of the transaction, it follows that the finding of the trial court that White was a creditor of Kelley at the time the mortgage was given, and that it was taken to secure a pre-existing debt, is not sustained by the evidence.

Order reversed, and a new trial granted.